**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

THOMAS FOXX,

      Plaintiff,                                  Case No. 1:11-cv-209

v.                                             Judge Michael R. Barrett

COMMISSIONER OF SOCIAL SECURITY

      Defendant.

## ORDER

This action is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is the Magistrate Judge's April 18, 2012 Report and Recommendation ("R&R") (Doc. 17). The Magistrate Judge recommends that the Commissioner's decision to deny Plaintiff's applications for disability insurance benefits ("DIB") and supplemental insurance income ("SSI") be reversed and remanded. (Doc. 17, 32.)

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. (Doc. 17, 33); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The Commissioner filed timely Objections to the R&R (Doc. 18), and Plaintiff filed a Response to those Objections (Doc. 19).

For the reasons stated below, the Court overrules the Commissioner's Objections, and the R&R is ADOPTED. Accordingly, the Commissioner's decision is REVERSED and REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g).

## I. Background

On November 2, 2005, Plaintiff filed applications for DIB and SSI alleging a disability onset date of May 1, 2003, due to chronic neuropathy, reflex syndrome disorder, anxiety, depression, and sleep disorder. (Tr. 18; Doc. 17, 1.) After Plaintiff's applications were denied initially and upon reconsideration, he appeared for an evidentiary hearing before an Administrative Law Judge ("ALJ") on February 24, 2009. (Tr. 18.) The hearing was continued in order to further develop the medical evidence, and Plaintiff appeared for a supplemental hearing on August 11, 2009. (Tr. 18.) On September 1, 2009, the ALJ denied Plaintiff's applications in a written decision. (Tr. 18-32.) The ALJ concluded that Plaintiff did not have a disability within the meaning of the Social Security Act. (Tr. 19.) The Appeals Council denied Plaintiff's request for review and, therefore, the ALJ's decision stands as the Commissioner's final decision. (Doc. 2 ¶¶ 2, 3; Doc. 17, 1.)

The R&R accurately describes the medical evidence provided and the remainder of the procedural history of this case. (*See* Doc. 17, 1-13.) There is no need to repeat them here. Accordingly, the R&R's procedural history and statement of medical evidence are adopted in full.

The Magistrate Judge recommends that this Court reverse and remand this matter for further proceedings. (Doc. 17, 32.) The Magistrate Judge found that the ALJ erred in formulating Plaintiff's residual function capacity ("RFC") by giving considerable weight to the opinion of Dr. Brahms, a nonexamining medical expert, who testified at the hearing. (Doc. 17, 17.) The Magistrate Judge explained that Dr. Brahms did not explain why he disagreed with the opinion of Dr. Magnusen, a consultative examiner.

The Magistrate Judge also explained that Dr. Brahms did not explain how his opinion was grounded in the objective evidence on record. (Doc. 17, 23-25.) The Magistrate Judge recommends that on remand, the ALJ should properly evaluate the weight afforded to Dr. Magnusen and Dr. Brahms as set forth in the R&R, and formulate Plaintiff's RFC assessment accordingly. (Doc. 17, 31.) The Magistrate Judge also recommends that if necessary, the ALJ should elicit additional medical testimony and vocational evidence. (Id.)

The Commissioner objects to the R&R based on the following: (1) Dr. Brahms did explain why his opinion differed from Dr. Magnusen's opinion, and (2) even if Brahms' explanation was not detailed enough, he was not asked to give an explanation during the proceeding, nor does he have a duty to explain why he disagrees with another doctor's opinion. (Doc. 18, 2.)

## II. Analysis

### A. Standards of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted). The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994).

**B. Standards for Weighing Medical Opinions**

Generally, more weight is afforded to the opinion of an examining source than a non-examining source. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). The weight to be afforded to a medical opinion is based on the extent to which the opinion is supported by evidence, consistent with the record on the whole, offered by a specialist, and supported or contradicted by other factors brought to the ALJ's attention. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6). As to supportability, the regulations provide:

> The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or

treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

Accordingly, the Sixth Circuit has explained that "[a] non-examining physician's opinion may be accepted over that of an examining physician when the non-examining physician clearly states the reasons that his opinions differ from those of the examining physicians." *Lyons v. Social Security Administration*, 19 F.App'x 294, 302 (6th Cir. 2001) (citing *Barker,* 40 F. 3d at 794) (finding that substantial evidence supported the ALJ's RFC determination, which was based on the opinion of a nonexamining medical expert who explained that he discounted a treating physician's test results because the results were miscalculated and the physician did not employ appropriate testing techniques); *see also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (affirming ALJ's decision to afford more weight to opinion of nonexamining source where examining doctor's "conclusion was not fully supported by her own materials or the record as a whole.").

**C. Medical opinions bearing on Plaintiff's RFC**

Dr. Magnusen's opinion was based upon a physical exam, as well as testing results in the record, including a 2007 MRI, a 2006 EMG, and a CT scan. (Tr. 641.) Dr. Magnusen concluded that Plaintiff could stand and/or walk for fifteen minutes at a time for a total of one to two hours in an eight-hour workday and sit for up to thirty minutes at a time for a total of six hours in an eight-hour work day. (Tr. 644.) Dr. Magnusen also opined that Plaintiff should avoid lifting below his knees, lift no more than ten pounds

5

and carry no more than twenty pounds. (Id.) Dr. Magnusen found that Plaintiff's capacity for fingering and feeling were impaired on the right hand, but that Plaintiff could use his right hand to engage in handling activities. (Id.) Finally, Dr. Magnusen recommended that while Plaintiff could climb stairs or a ramp on an occasional basis and could stoop, kneel and crawl on an occasional basis, he should be restricted from climbing ladders and scaffolding and working near moving parts because of his use of narcotics and other sedating medications. (Tr. 644-45.)

At the hearing before the ALJ, Dr. Brahms opined that Plaintiff could perform light work with the following limitations: repetitive lifting below waist level on an occasional basis only, and avoidance of stairs, ramps, ropes, scaffolds, hazardous machinery and heights. (Tr. 768)[1] Dr. Brahms also explained "Insofar as his right hand is concerned to the, avoid the need for fine manipulations, it does not limit him as far as gross activities of the hands are concerned, it does not limit him as far as gross activities of the hands are concerned. They don't need the fine manipulation." (Tr. 768.) ` The ALJ then asked: "Doctor, with that fine manipulation with that right hand you would limit that to some extent?" (Tr. 768.) Dr. Brahms responded, "Yes, I think that it's limited, he should have limited use, however the ulnar nerve effective point is his fingers and obviously you develop some flexion to quantity as well because of that problem with his ulnar nerve, However the thumb and the first finger are generally not involved with the ulnar nerve." (Tr. 768-69.)

---

[1] By definition, light work ordinarily requires the capacity to lift ten pounds frequently, to lift twenty pounds occasionally, and to engage in a good deal of sitting, standing, or walking. (Tr. 26.)

6

Plaintiff's attorney then questioned Dr. Brahms about Dr. Magnusen's recommendations regarding lifting and fingering, and time spent standing, walking, and sitting. (Tr. 774-75.) Dr. Brahms stated that he disagreed with each of these limitations:

> Q:   Okay. [Dr. Magnusen] has indicated that it's his opinion that the claimant could tolerate standing and walking up to 15 minutes at a time and only one to two hours in a standard eight-hour workday. Would you agree with that?
>
> A;   Would not.
>
> Q:   Okay. He has indicated that he believes that claimant could tolerate sitting only 30 minutes at a time and up to eight, up to six hours of an eight-hour workday, would you agree with that?
>
> A:   Would not.
>
> Q:   Okay. He has indicated that he feels the claimant could lift only occasionally up to 10 pounds and 11 to 20 pounds or more never. Would you agree with that?
>
> A:   Obviously I don't.
>
> Q:   Okay. He has also indicated the claimant is limited to fingering and feeling to occasional, would you agree with that?
>
> A:   No, absolutely not.

(Tr. 774-75.)

**D. ALJ's determination of Plaintiff's Functional Capacity**

The ALJ explained that he gave considerable weight to the opinion of Dr. Brahms based on Dr. Brahms' expertise in orthopedic medicine and because Dr. Brahms' assessment was "well-supported by a detailed analysis of the medical history and pertinent medical findings." (Tr. 27.) The ALJ also found that Dr. Brahms' opinion was "more consistent" with Plaintiff's "functioning in daily activities." (Id.) The ALJ adopted

7

an RFC that "essentially follows the well-supported medical record and the recommendations of Dr. Brahms." (Id.)[2]

The Court notes that while Dr. Brahms flatly rejected Dr. Magnusen's opinion as to Plaintiff's limitations, Dr. Brahms does not dispute the objective medical findings or diagnoses of Dr. Magnusen. For instance, Dr. Brahms confirmed the evidence of neuropathy of the right ulnar nerve (Tr. 767) and bilateral L4-5 stenosis and multi-level degenerative disk disease (Tr. 769). Dr. Brahms also noted that Plaintiff's examination by Dr. Magnusen showed limitation of motion and evidence of pain. (Tr. 771.) As to the evidence of pain, Dr. Brahms acknowledged that (1) spasms would be consistent with someone reporting rather significant pain; (2) it was not unreasonable to expect Plaintiff to have spasms at various times; and (3) he would expect someone in spasm to have a level of pain that would make it difficult to function until the spasm releases. (Tr. 770). Moreover, when asked by Plaintiff's counsel, "[i]f you had a patient who reported the level of symptoms that are reported in this case and noted in the records, for which he's had injections, would you question your patient's report of those symptoms as being truly perceived," Dr. Brahms replied, "[n]o, absolutely not." (Tr. 774.)

---

[2] As part of the RFC, the ALJ determined that Plaintiff was capable of a modified light work range, which included 1) alternation of sitting and standing at thirty-minute intervals; 2) standing and/or walking no more than three hours per eight-hour workday; 3) no work on uneven surfaces; 4) occasional stooping, kneeling, crouching, and balancing and no crawling; 5) occasional climbing of stairs and no climbing of ropes; 6) occasional fingering (fine manipulation); 7) no exposure to hazards; 8) no exposure to vibrations; and 9) no requirement to maintain concentration on a single task for longer than fifteen minutes at a time. (Tr. 26.)

The ALJ noted that the two doctor's findings were consistent and even used that consistency to support the weight given to Dr. Brahms' opinion. In discussing Dr. Magnusen's report, the ALJ explained:

> As acknowledged by the Medical Expert's testimony, the medical evidence is sufficient to establish severe physical impairments affecting the claimant's lower back and right upper extremity. The claimant's chronic lower back pain (with underlying medical evidence of degenerative disc disease and spinal stenosis) and chronic right ulnar neuropathy would be expected to significantly impact on his general strength, flexibility, and effective use of his right upper extremity.

(Tr. 23.) In making the RFC determination, the ALJ explained that Dr. Brahms' opinion was:

> entitled to considerable weight in view of his expertise in orthopedic medicine and inasmuch as his assessment is well-supported by a detailed analysis of the medical history and pertinent medical findings. His opinion is compatible with evidence of the claimant's spinal stenosis and some sensory loss in the thigh but with the claimant retaining fairly good strength in the legs. Notably, Dr. Magnusen did not see any evidence of L5 radiculopathy and also stated that the claimant's use of a cane was non-obligatory.

(Tr. 27.)

The Court finds that this case presents a close call as to whether the ALJ properly relied on Dr. Brahms' opinion in formulating Plaintiff's RFC. The ALJ may use a non-examining physician to make sense of a record that contains conflicting medical opinions and conflicting accounts by the claimant. *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001). However, more weight is "generally" given to an examining physician. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."). At the same time, more weight is "generally" given to the opinion of a

9

specialist. 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Because Dr. Magnusen examined Plaintiff, but Dr. Brahms was an orthopedic specialist, the Court finds that this case boils down to the issue of supportability.

With regards to supportability, the regulations provide that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Here, Dr. Brahms and Dr. Magnusen relied on the same relevant evidence to support their opinions. In fact, Dr. Brahms relied heavily on the findings by Dr. Magnusen. However, Dr. Brahms did not explain why he departed from Dr. Magnusen with regards to the specific limitations which became the basis for the ALJ's RFC determination. As detailed above, Dr. Brahms responded to the questions posed by Plaintiff's attorney by stating: "Would not," "Obviously I don't" and "No, absolutely not." According to the regulations, this lack of explanation diminishes the weight to be given to Dr. Brahms' opinion:

> The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions.

20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Therefore, while Dr. Brahms may not have a duty to explain his answers, his conclusory answers affect the weight to be given to his opinion. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009)

("Conclusory statements from physicians are properly discounted by ALJs.").

Moreover, as the Magistrate Judge pointed out, Dr. Brahms' only briefly discussed Plaintiff's medical history and the pertinent medical findings. In addition, the Court notes that there is some question as to whether Dr. Brahms' opinion was indeed more consistent with Plaintiff's functioning in daily activities. Therefore, the Court concludes that the ALJ did not properly weigh the opinion of Dr. Brahms.

### E. Conclusion

Based on the foregoing, the Court **OVERRULES** the Commissioner's Objection (Doc. 18) and the R & R (Doc. 17) is **ADOPTED** in full. Accordingly, this matter is **REVERSED and REMANDED** pursuant to Sentence Four of § 405(g) for further proceedings. On remand, the ALJ shall properly evaluate the weight afforded to Dr. Brahms' opinion and formulate the RFC accordingly. If necessary, the ALJ shall elicit testimony from an additional medical expert with regard to Plaintiff's RFC.

**IT IS SO ORDERED**.

        */s/ Michael R. Barrett*
        United States District Judge